UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
TYHEEM RHODES and SHAYNA
PANTOJAS,

               Plaintiffs,

    -against-

THE CITY OF NEW YORK, POLICE
OFFICER EDDIE CABRERA (Shield #
4943; Tax # 929807) and POLICE
OFFICER RENE CALZADA (Shield #
23232; Tax # 941487),

              Defendants.
-------------------------------------------------------x

COMPLAINT

JURY DEMAND



Plaintiffs TYHEEM RHODES and SHAYNA PANTOJAS, by their attorney(s), THE
LAW OFFICES OF WALE MOSAKU, P.C., complaining of the defendants THE CITY
OF NEW YORK, POLICE OFFICER EDDIE CABRERA (Shield # 4943; Tax #
929807) and POLICE OFFICER RENE CALZADA (Shield # 23232; Tax # 941487)
(collectively referred to as the Defendants), upon information and belief, allege as
follows:

## NATURE OF THE ACTION

1.      This is an action at law to redress the deprivation of rights secured to
the plaintiffs under color of statute, ordinance, regulation, custom;
and/or to redress the deprivation of rights, privileges, and immunities
secured to the plaintiffs by the Fourth, Fifth and Fourteenth
Amendments to the Constitution of the United States, and by Title 42
U.S.C. §1983 [and §1985], [and arising under the law and statutes of
the State of New York].

## JURISDICTION

2.      The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3),
this being an action authorized by law to redress the deprivation of
rights secured under color of state and city law, statute, ordinance,

regulation, custom and usage of a right, privilege and immunity
secured to the plaintiffs by the Fourteenth Amendment to the
Constitution of the United States.  Jurisdiction of this court exists
pursuant to 42 USC §1983 and under the Fourth, Fifth, and
Fourteenth Amendments to the United States Constitution.

3.      As the deprivation of rights complained of herein occurred within the
Eastern District of New York, venue is proper in this district pursuant
to 28 U.S.C. §§1391 (b) and (c).

THE PARTIES

4.      During all times material to this complaint, each plaintiff was, and
still is, a resident of the State of New York, presently residing in
Bronx County.

5.      At all relevant times, defendants POLICE OFFICER EDDIE
CABRERA (Shield # 4943; Tax # 929807) and POLICE OFFICER
RENE CALZADA (Shield # 23232; Tax # 941487) (hereinafter
referred to as "defendant officers"), were law enforcement officers in
the employ of the New York City Police Department (hereinafter
referred to as "NYPD").

6.      At all times herein, the defendant officers were acting under the color
of their official capacity, and their acts were performed under color of
the statutes and ordinances of the City of New York and/or the State
of New York.

7.      The defendant officers were the servants, agents, and employees of
their co-defendant, the City of New York, so that their acts are
imputed to the City of New York and the NYPD.

8.      At all relevant times, the defendant City of New York was/is a
municipal corporation of the State of New York, and was/is the
employer of the defendant Officers, through its Police Department,
namely NYPD, and the actions of the defendant officers complained
of herein were done as part of the custom, practice, usage, regulation
and/or direction of the City of New York.

9.      Plaintiffs sue all defendants in their individual and official capacities.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10.     On or about January 4, 2013, at approximately 07:00 a.m., at and within the premises known and described as 1468 How Avenue #31, Bronx, New York 10460-6235 (hereinafter "subject premises"), each plaintiff was arrested without probable cause by the defendant officers.

11.     That at the time of the above-referenced incident, the plaintiffs were residing at the subject premises with the grand-parents of the plaintiff Shayna Pantojas.

12.     That prior to the time of the above-referenced arrest(s), the plaintiffs, who are in a relationship and have a child in common, were engaged in a verbal dispute.

13.     That as a result, the plaintiff Shayna Pantojas' grandfather called 911.

14.     That the defendant officers arrived at the subject premises and knocked on the door.

15.     That the plaintiff Shayna Pantojas' grandfather opened the door to the subject premises.

16.     That the defendant officers then asked the plaintiff Tyheem Rhodes to step out of the subject premises, claiming that they wanted to speak with him.

17.     That the plaintiff Tyheem Rhodes declined the defendant officers request to step outside of the subject premises.

18.     That the defendant officers, without any justification then reached into the subject premises and physically pulled the plaintiff Tyheem Rhodes outside of the subject premises.

19.     That the defendant Rene Calzada subsequently placed the plaintiff Tyheem Rhodes in an illegal chokehold.

20.     That as the defendant Rene Calzada was choking the plaintiff Tyheem Rhodes, the defendant Eddie Cabrera punched the plaintiff

Tyheem Rhodes in his eye and mouth, causing the plaintiff Tyheem Rhodes to lose consciousness.

21. That as a result of the actions of the defendant officers, the plaintiff Tyheem Rhodes sustained serious injuries, including lacerations to his left lower eyelid and his lower lip.

22. That the plaintiff Tyheem Rhodes was then placed under arrest by the defendant officers.

23. That when the plaintiff Shayna Pantojas protested at the brutal treatment that the defendant officers had subjected the plaintiff Tyheem Rhodes to, she was placed under arrest by the defendant officers.

24. That both plaintiffs were transported to the 42nd police precinct, located at 830 Washington Avenue, Bronx, NY 10451, at which time they were processed, or otherwise fingerprinted and photographed.

25. That due to the severity of the injuries that the defendants had inflicted upon him, the plaintiff Tyheem Rhodes was caused to be transported to hospital, specifically the Lincoln Medical & Mental Health Center.

26. That upon arrival at the Lincoln Medical & Mental Health Center, the plaintiff Tyheem Rhodes was treated and subsequently released to the custody of the NYPD.

27. That the plaintiff Tyheem Rhodes was subsequently arraigned before a criminal court Judge in the Bronx County, on the following charges:

    a. Resisting Arrest [P.L. 205.30]; and

    b. Harassment[(P.L. 240.26(1)].

28. That within the criminal complaint, the defendant Rene Calzada alleged, *inter alia*, that he had observed the plaintiff Tyheem Rhodes engaged in a verbal dispute with the plaintiff Shayna Pantojas, as a result of which he had attempted to place the plaintiff Tyheem Rhodes under arrest, but that the plaintiff Tyheem Rhjodes had run

away, and that when he caught up with the plaintiff Tyheem Rhodes, the plaintiff Tyheem Rhodes had "...*flailed his arms and twisted his body refusing to be handcuffed*".

29.     That the criminal case against the plaintiff Tyheem Rhodes was subsequently adjourned in contemplation of dismissal.

30.     That the plaintiff Shayna Pantojas was released from custody after the Bronx County District Attorney ("BCDA") declined to prosecute her.

31.     In declining to prosecute the plaintiff Shayna Pantojas, the BCDA stated, *inter alia*, that her actions did "...*not rise to obstructing governmental administration*".

## CAUSE OF ACTION ON BEHALF OF EACH PLAINTIFF AGAINST EACH DEFENDANT OFFICER: FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

32.     By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 31 of this complaint as though fully set forth herein.

33.     The above-described respective arrest(s), detention(s) and imprisonment(s) of the plaintiffs were without just or probable cause and without any warrant or legal process directing or authorizing each plaintiff's arrest or subsequent detention.

34.     As a result of plaintiffs above-described false arrest(s) and imprisonment(s), they have been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know them, were prevented from attending to their necessary affairs, have been caused to incur legal expenses, and have been otherwise damaged in their character and reputation.

35.     Consequently, the plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF TYHEEM RHODES AGAINST EACH DEFENDANT OFFICER: EXCESSIVE FORCE UNDER 42 U.S.C § 1983

36.     By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 35 of this complaint as though fully set forth herein.

37.     The level of force employed by the defendant officers was objectively unreasonable, and in violation of the plaintiff Tyheem Rhodes' constitutional rights.

38.     As a result of the aforementioned conduct of the defendant officers, the plaintiff Tyheem Rhodes was subjected to excessive force, resulting in serious, severe, and permanent physical injuries.

39.     Consequently, the plaintiff Tyheem Rhodes has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendant officers, individually and severally.

### CAUSE OF ACTION BY THE PLAINTIFF TYHEEM RHODES AGAINST DEFENDANT OFFICER RENE CALZADA: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION OF EVIDENCE

40.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 39 of this complaint as though fully set forth herein.

41.     That the defendant Rene Calzada created false evidence against the plaintiff Tyheem Rhodes.

42.     That the defendant Rene Calzada forwarded false evidence and false information to the prosecutors in the BCDA's office.

43.     That the defendant Rene Calzada was directly involved in the initiation of criminal proceedings against the plaintiff Tyheem Rhodes.

44.     That the defendant Rene Calzada lacked probable cause to initiate criminal proceedings against the plaintiff Tyheem Rhodes.

45.     That the defendant Rene Calzada acted with malice in initiating criminal proceedings against the plaintiff Tyheem Rhodes.

46.     That the defendant Rene Calzada was directly involved in the continuation of criminal proceedings against the plaintiff Tyheem Rhodes.

47.     That the defendant Rene Calzada lacked probable cause in continuing criminal proceedings against the plaintiff Tyheem Rhodes.

48.     That the defendant Rene Calzada s acted with malice in continuing criminal proceedings against the plaintiff Tyheem Rhodes.

49.     That the defendant Rene Calzada misrepresented and falsified evidence throughout all phases of the criminal proceeding against the plaintiff Tyheem Rhodes.

50.     That the defendant Rene Calzada misrepresented and falsified evidence to the prosecutors in the BCDA's office.

51.     That the defendant Rene Calzada withheld exculpatory evidence from the prosecutors in the BCDA's office.

52.     That the defendant Rene Calzada did not make a complete statement of facts to the prosecutors in the BCDA's office.

53.     By creating false evidence against the plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, That the defendant Rene Calzada violated the plaintiff Tyheem Rhodes's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

54.     As a consequence of said defendants' actions, plaintiff Tyheem Rhodes suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated.

55.     As a consequence, the plaintiff Tyheem Rhodes hereby demands
        compensatory damages and punitive damages, in an amount to be
        determined at trial, against the defendant Rene Calzada.

### CAUSE OF ACTION ON BEHALF OF EACH PLAINTIFF AGAINST EACH DEFENDANT OFFICER: FAILURE TO INTERVENE/INTERCEDE UNDER 42 U.S.C § 1983

56.     By this reference, the plaintiffs incorporate each and every allegation
        and averment set forth in paragraphs 1 through 55 of this complaint
        as though fully set forth herein.

57.     Each and every individual defendant had an affirmative duty to
        intervene on each plaintiff's behalf to prevent the violation to his/her
        constitutional rights, as more fully set forth above.

58.     The individual defendants failed to intervene on each plaintiff's
        behalf to prevent the violation of his/her constitutional rights, despite
        having had a realistic and reasonable opportunity to do so.

59.     As a consequence of said defendants' actions, each plaintiff suffered
        loss of liberty, humiliation, mental anguish, depression, loss of wages
        from work, and each plaintiff's constitutional rights were violated.

60.     As a consequence, each plaintiff hereby demands compensatory
        damages and punitive damages, in the amount of to be determined at
        trial, against each of the defendants, individually and severally.

### CAUSE OF ACTION: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

61.     By this reference, each plaintiff incorporates each and every
        allegation and averment set forth in paragraphs 1 through 60 of this
        complaint as though fully set forth herein.

62.     The defendants arrested and incarcerated each plaintiff, in the
        absence of any evidence of criminal wrongdoing, notwithstanding
        their knowledge that said arrest(s) and incarceration(s) would
        jeopardize each plaintiff's liberty, well-being, safety and
        constitutional rights.

63.     The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

64.     The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and its police department.

65.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police department include, but are not limited to the following unconstitutional practices:

        a. Wrongfully arresting individuals;

        b. manufacturing evidence against individuals; and

        c. arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas).

66.     The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts.

67.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiff; were the proximate cause of, and moving force behind, the constitutional violations suffered by each plaintiff as alleged herein, and deprived eachplaintiff of the following rights, privileges and immunities secured to him/her by the Constitution of the United States:

        (a)     The right of each plaintiff to be secure in his/her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

        (b )    The right of each plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection

of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(c)     The right to be free from unreasonable detention and/or continued detention without probable cause in that each plaintiff was detained and the plaintiff Tyheem Rhodes was subsequently prosecuted.

(d)     The right to be free from the use of excessive and unreasonable force.

68.     As a result of the actions of the defendants, each plaintiff was deprived of his/her rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned each plaintiff thereby depriving each plaintiff of his liberty without due process of law.

69.     The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated the plaintiffs constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiffs for the damages they suffered.

70.     The actual principal/agent relationship between defendant City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

71.     The defendants' actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiffs were false and untrue.

WHEREFORE, each plaintiff respectfully prays judgment as follows:

1.    For compensatory damages against all defendants in an amount to be proven at trial;

2.    For exemplary and punitive damages against all defendants in an amount to be proven at trial;

3.    For costs of suit herein, including each plaintiff's reasonable attorney's fees; and;

4.    For such other and further relief as the court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, each plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       February 12, 2015

LAW OFFICES OF WALE MOSAKU, P.C

By:

Wale Mosaku
Attorney(s) for the Plaintiffs
25 Bond Street, 3rd Floor
Brooklyn, N.Y. 11201
(718) 243-0994

TO:

THE CITY OF NEW YORK
C/O New York City Law Department
100 Church Street
New York, N.Y. 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK:

---

TYHEEM RHODES and SHAYNA
PANTOJAS,

                                           Plaintiffs,

        -against-

THE CITY OF NEW YORK, POLICE
OFFICER EDDIE CABRERA (Shield #
4943; Tax # 929807) and POLICE
OFFICER RENE CALZADA (Shield #
23232; Tax # 941487),

                                       Defendants.

---

COMPLAINT

---

LAW OFFICES OF WALE MOSAKU, P.C.
Attorney(s) for Plaintiff
25 Bond Street, 3rd Floor
Brooklyn, New York 11201
(718) 243-0994

---

To:

                                   Service of a copy of the within
                                   is hereby admitted.

                                   Dated:................. 201_

Attorney(s) for Defendants

---